UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

SHAWN M. CARNER,

Plaintiff,

v.

DICK ROSS, AROILLA FELTEN, JUDITH RIEA, and Dr. COUSINS,

Defendants.

Civil No. 01-8 (ADM/AJB)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 4), by which he is seeking leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff commenced this action on January 2, 2001, by filing a self-styled pleading entitled "Complaint Under The Civil Rights Act, 42 USC 1983." (Docket No. 1.) He did not pay the filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

Plaintiff is an inmate at the Minnesota Correctional Facility in St. Cloud, Minnesota. Because he is a prisoner, Plaintiff's IFP application is subject to the

FEB 16 2001

requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $6.50. However, Plaintiff did not tender his statutorily required initial partial filing fee with his complaint and IFP application. Therefore, by order dated January 5, 2001, (Docket No. 5), Plaintiff was instructed to tender the required partial fee payment of $6.50 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due. Indeed, the Court has received no further communication from Plaintiff since he filed his original complaint and IFP application, which was approximately six weeks ago. Therefore, in accordance with the Court's prior order of January 5, 2001, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so

as to achieve the orderly and expeditious disposition of cases").[1]

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 4), be **DENIED**;

2. Plaintiff's "Motion For Appointment Of Counsel," (Docket No. 2), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: February 15, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

[1] In light of the Court's recommendation that this action be dismissed for failure to prosecute, it is further recommended that Plaintiff's "Motion for Appointment of Counsel," (Docket No. 2), be denied.